United States Bankruptcy Court Western District of Texas at San Antonio

---

| Mary K. Viegelahn, Trustee | CASE INFORMATION |
| 909 NE Loop 410 #400 | |
| San Antonio, TX 78209 | CASE NO: 10-51385 C |

---

Name of Debtor(s):

CHRISTOPHER LANG MILLS AND SARAH JEANNE MILLS
425 SKYFOREST DRIVE
SAN ANTONIO, TX 78232

---

Enclosed is a legal notice of the Chapter 13 bankruptcy case noted above. It explains your rights and duties. Pay special attention to the following:

1. The bankruptcy code states debtors will not receive a discharge unless after filing a petition, they have completed an instructional course concerning personal financial management. 11 U.S.C S1328(g)(1). The Chapter 13 Standing Trustee has been approved by the U. S. Trustee to offer this mandatory course which is provided at no cost to you. For class information and scheduling, please call Mary K. Viegelahn's office at 210-804-4084 or email smartin@maoch13.com .

2. At **May 19, 2010  2:00 pm**, the debtor and spouse, if filing jointly, must attend the first meeting of creditors, or 341 meeting. For this meeting, a picture ID and verification of Social Security number is required. The first meeting will be held at the following address.

**909 N.E. Loop 410, Suite 400, San Antonio, TX  78209**

3. DEBTOR(S) MUST START PAYMENTS TO THE CHAPTER 13 TRUSTEE BY:
   May 09, 2010. Payments must be made by cashier's check or money order and
   be  mailed to:

   MARY K. VIEGELAHN
   CHAPTER 13 TRUSTEE
   P.O Box 753
   Memphis, TN 38101-0753

4. Attorney for Debtor(s):

   DAVIS LAW FIRM/CHANCE M. MCGHEE
   909 N E LOOP 410 STE 100
   SAN ANTONIO, TX 78209

5. Judge: LEIF M. CLARK

6. Confirmation Hearing: **July 08, 2010 at  10:30 AM**
   615 E. Houston Street, Courtroom 1, 3rd Floor
   San Antonio, Texas

   \*\*\*   SPECIAL NOTICE TO ATTORNEYS AND CREDITORS   \*\*\*

It is very important that you are present at the specified time at the location and date noted above for the purpose of settling any issues with debtor(s) and their attorneys.

# ADDITIONAL COURT-ORDERED NOTICES

## SUMMARY DISMISSAL

The Schedules, and/or Plan were not filed with the original petition. The debtor/and or the debtor's attorney must file these documents and must serve a copy of the Plan on all creditors and parties in interest within two (2) days after filing. A certificate of such service shall be filed with the Clerk, and a copy thereof shall be sent to the Chapter 13 Trustee.

## NOTICE TO DEBTOR AND DEBTOR'S ATTORNEY:

If the Plan and Schedules are not filed and a file-stamped copy served on the Chapter 13 Trustee within 15 days of the filing of the case (unless the time for filing has been extended by the Court) or, if the debtor fails to serve the Plan as directed herein, then the Trustee may certify these facts to the Court and the Court may summarily dismiss this case without further notice of hearing.

The Court may dismiss a Chapter 13 case upon certification from the Clerk of the Court or the Chapter 13 Trustee, with notice to the debtor and/or debtor's attorney and a ten-day opportunity to cure, for the debtor's failure to pay filing fees (including installment filing fees) when due.

The Court may dismiss a Chapter 13 case upon certification from the Chapter 13 Trustee of the debtor's failure to appear at the first meeting of creditors, when such nonappearance has not otherwise been excused by an Order of this Court.

The Court may, at the Confirmation Hearing and upon request of the Chapter 13 Trustee at said hearing, dismiss a Chapter 13 case for failure of the debtor to obtain Confirmation of the Chapter 13 Plan.

## PLAN

A Plan has not yet been filed, but will be served on all creditors when filed or the case will be Summarily Dismissed. Please review the Plan carefully. It sets out the proposed treatment of all creditors, including the proposed valuation of all collateral. The Plan may be amended without further notice at the first meeting of creditors and such amendments may affect your treatment as a creditor.

## AMENDED PLAN

If the Plan is amended prior to Confirmation, the debtor/debtor Attorney shall file the Amended Plan and shall serve a copy of the Amended Plan prominently displaying the notice of 20-day objection language upon all creditors and parties in interest and upon the Chapter 13 Trustee within two (2) days after filing.

## PROOFS OF CLAIM

Proofs of claim must be filed and a copy (WITH ALL ATTACHMENTS) shall be served on the debtor's attorney (or on the debtor, if the debtor is pro se) and the Chapter 13 Trustee appointed in this case. Secured creditors must attach proof of their perfected secured status. Secured and priority creditors are stongly urged to file their claims PRIOR TO the meeting of creditors so that the plan's feasibility can be determined at that time.

## OBJECTIONS TO CONFIRMATION

With the exception of objections to valuations of secured debt of the taxing authorities, any Objections to Confirmation of Plan (including any objections to the valuation of specific creditors' collateral as set out in the Plan), must be raised at or prior to the Meeting of Creditors (the Section 341 Meeting). The objection must be reduced to writing within ten (10) days after the Meeting of Creditors and filed with the Court.

## CONFIRMATION HEARINGS

If there are no timely objections to the Confirmation of the Debtor's Plan (or to the proposed valuations of the creditors collateral) and the Trustee otherwise recommends Confirmation, the actual Confirmation Hearing will be deemed waived by all parties and the Court may enter an Order Confirming the Plan prior to the scheduled Confirmation Hearing date and the Debtor is excused from attending. Absent a specific objection to the Confirmation from a taxing authority, valuation issues concerning a taxing authorities will not preclude the confirmation of a Plan and will be addressed through either the claims objection process or the Trustee's Recommendation Concerning Claims.

If there is a timely objection to the Debtor's Plan, or to the proposed valuation of any item of collateral, then the Confirmation will be held on the date set, at which hearing the Court may consider an decide all confirmation and valuation issues raised by the objections. If there are no objections, but the Trustee DOES NOT recommend Confirmation, then there shall be a Confirmation Hearing.

**THE DEBTOR AND DEBTOR'S ATTORNEY SHALL ATTEND THIS CONFIRMATION HEARING.**

## VALUATION OF COLLATERAL

Except for the value of collateral securing a claim of a taxing authority, the value of collateral set out in the Debtor's plan shall be the value fixed by the Court by Confirmation of the Plan, unless a timely objection to Confirmation is filed. The objections must specifically object to the proposed valuation and request a hearing thereon. Any objection to valuation will be heard at the Confirmation Hearing and no Plan will be confirmed until the valuation objection is resolved, except for the value of collateral securing a claim of a taxing authority. The valuation of collateral by the Court shall not relieve a secured creditor from the duty to file a Proof of Claim in order to be paid under the Plan.

In the event a creditor timely files a Proof of Claim which evidences a perfected security interest in collateral, which claim and collateral was not dealt with by the debtor's Plan, the collateral will be deemed valued by the Court at the amount set forth in the Trustee's Recommendation Concerning Claims, unless a response and objection is timely filed.

## BAR DATE FOR OBJECTION TO CLAIMS

All objections to any Proof of Claim must be filed no later than thirty (30) days after the date of service of the Trustee's Recommendation Concerning Claims (which will be served on all creditors). Absent objections, all claims will be deemed allowed as set forth in the Trustee's Recommendation Concerning Claims.

**BY ORDER OF THE COURT**
**UNITED STATES BANKRUPTCY JUDGE**

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was sent to all parties listed on the matrix on file with the U.S. Bankruptcy Clerk's Office on or about the time this document was electronically filed with the Clerk on April 19, 2010. A copy of the Certificate of Mailing of this document is on file and may be viewed at the U.S. Bankruptcy Clerk's Office.

/S/
_____
Mary K. Viegelahn, Chapter 13 Trustee